NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

LINDA RETHEMA MAJENTY, *Appellant*.

No. 1 CA-CR 18-0111
FILED 1-15-2019

Appeal from the Superior Court in Mohave County
No. S8015CR201700835
The Honorable Billy K. Sipe, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave Deputy Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Vice Chief Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**J O N E S**, Judge:

**¶1**         Linda Majenty appeals her conviction and sentence for criminal trespass in the first degree.  After searching the entire record, Majenty's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error.  Majenty was granted an opportunity to file a supplemental brief *in propria persona* and did not do so.  After reviewing the entire record, we find no error.  Accordingly, Majenty's conviction and sentence are affirmed.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         On April 20, 2017, Shiryl H. and Alonzo H. returned to their property in Kingman after taking a trip into town.[1]  The couple's dog alerted to something in the fifth-wheel travel trailer they kept parked near the back of their property.  Shiryl opened the door of the trailer to find a stranger, later identified as Majenty, standing inside and holding a beer.  Shiryl yelled for Alonzo, who held Majenty at gunpoint until police arrived and arrested her.

**¶3**         The State charged Majenty with one count of burglary in the second degree and one count of criminal trespass in the first degree.  A two-day jury trial began in November 2017.  Following an unsuccessful motion for judgment of acquittal, Majenty testified in her defense.  According to Majenty, she had been drinking alcohol at her aunt's home in Peach Springs earlier in the day and then found herself in the trailer, where she

---

[1]      "We view the facts in the light most favorable to sustaining the conviction[] with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

encountered a dog and a man that held her at gunpoint. During her testimony, Majenty admitted that she had three prior felony convictions.

¶4          The jury convicted Majenty of first-degree criminal trespass and acquitted her of second-degree burglary. The trial court found the State had proved two prior felony convictions, sentenced Majenty as a non-dangerous, repetitive offender to a mitigated term of three years' imprisonment, and credited Majenty with 254 days' presentence incarceration. Majenty timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

¶5          Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). As relevant here, "a person commits criminal trespass in the first degree by knowingly . . . [e]ntering or remaining unlawfully in or on a residential structure." A.R.S. § 13-1504(A)(1). A residential structure is "any structure, movable or immovable, permanent or temporary, that is adapted for both human residence and lodging whether occupied or not." A.R.S. § 13-1501(11). The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt that Majenty was guilty of criminal trespass in the first degree.

¶6          All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Majenty was represented by counsel at all stages of the proceedings, and was present at all critical stages, with the exception of a short portion of the second day of trial, at which time Majenty knowingly and voluntarily waived her right to be present. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Majenty's presumption of innocence. At sentencing, Majenty was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentence. *See* Ariz. R. Crim. P. 26.9,

---

[2]          Absent material changes from the relevant date, we cite the current version of rules and statutes.

26.10. Additionally, the sentence imposed was within the statutory limits. *See* A.R.S. §§ 13-701(E), -703(C), (J).

## CONCLUSION

**¶7**      Majenty's conviction and sentence are affirmed.

**¶8**      Defense counsel's obligations pertaining to Majenty's representation in this appeal have ended. Defense counsel need do no more than inform Majenty of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶9**      Majenty has thirty days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Majenty thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.

